UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21585-CIV-MARTINEZ/GOODMAN

EDUARDO FIGUEROA-NEGRON,

    Plaintiff,

v.

PEDRO CALERO,

    Defendant.

_____/

## ORDER REQUIRING PLAINTIFF TO FILE APPROPRIATE SUMMONSES AND TO INDICATE IF SERVICE BY THE U.S. MARSHAL IS REQUESTED

This matter is before the Court on the District Court's referral of all pretrial matters. [ECF No. 4]. Previously, the Undersigned granted Plaintiff's second petition to proceed *in forma pauperis*. [ECF No. 11]. In that Order, the Undersigned specifically noted that no summonses appeared in the record and that Plaintiff had until September 29, 2014 "to file the appropriate summonses with the Court and to indicate if service by the U.S. Marshal is requested for the complaint and summonses." [*Id.* at 2]. To date, Plaintiff has still not met this obligation, although the time to do so passed more than one month ago.

The Undersigned, by this Order, will give Plaintiff one additional opportunity to prosecute his case. Plaintiff has **until December 1, 2014** to file the appropriate summonses with the Court and to indicate if service by the U.S. Marshal is requested for the complaint and summonses.[1] **If Plaintiff fails to meet this deadline, then the Undersigned will recommend to the District Court that this action be dismissed**.[2]

**DONE and ORDERED** in Chambers, in Miami, Florida, November 3, 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

---

[1] The Undersigned notes that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Plaintiff has until December 16, 2014 to serve the complaint on the Defendant. This date is 120 days after the Undersigned granted the second motion to proceed *in forma pauperis*. Failure to serve the complaint by this date will result in a recommendation to the District Court that this case be dismissed.

[2] The Eleventh Circuit has affirmed *sua sponte* dismissal *with prejudice* of a pro se plaintiff's case for repeated failure to prosecute after a finding that lesser sanctions would not remedy the plaintiff's intransigence. *See Thomas v. Montgomery Cnty. Bd. of Educ.*, 170 F. App'x 623, 626 (11th Cir. 2006). In this case, should Plaintiff continue to fail to meet obligations imposed by Court order, there would be ample ground for a finding that lesser sanctions would not cure his intransigence -- Plaintiff will have failed to prosecute his case.

Copies furnished to:
Hon. Jose E. Martinez

**Eduardo Figueroa-Negron**
T65929
Everglades Correctional Institution
Inmate Mail/Parcels
1599 SW 187th Avenue
Miami, FL 33194
PRO SE